FILED
2022 JUL 05 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-10317-5 KNT

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARY JO RULFFES and DONALD RULFFES, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MACY'S WEST STORES, LLC, a foreign corporation d/b/a MACY'S; MACY'S RETAIL HOLDINGS, LLC, a foreign corporation d/b/a MACY'S; and MACY'S CORPORATE SERVICES, a foreign corporation d/b/a MACY'S; SCHINDLER ELEVATOR CORPORATION, a foreign corporation; and UNKNOWN BUSINESS ENTITIES 1-5; and JOHN DOES 1-5.<br><br>Defendants. | Cause No.:<br><br>COMPLAINT FOR PERSONAL INJURIES AND DAMAGES |

COME NOW Plaintiffs Mary Jo Rulffes and Donald Rulffes, by and through their attorneys of record, A. Troy Hunter and Lisa K. Wiese of Injury Law Group NW, and do hereby allege and claim against the above-named Defendants the following:

I.   **PARTIES**

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 1

**INJURY LAW GROUP NW**
**A DBA OF ISSAQUAH LAW GROUP, PLLC**
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858

1.1     At all times material hereto, Plaintiffs Mary Jo Rulffes and Donald Rulffes are and were a married couple residing in King County, Washington.

1.2     Upon information and belief, and at all times material hereto, Macy's West Stores, LLC, Macy's Retail Holdings, LLC, and Macy's Corporate Services, LLC are all foreign corporations doing business for profit as "Macy's" within King County in the State of Washington. These Macy's defendants (hereinafter "Macy's") were doing business as sellers of retail goods at the time of the Incident described herein.  All acts and omissions hereinafter alleged were done for and on behalf of these Macy's defendants for which they are individually and severally liable.

1.3     Upon information and belief, and at all times material hereto, Schindler Elevator Corporation (hereinafter "Schindler") is a foreign profit corporation authorized to do business within King County in the State of Washington.  Schindler serviced and maintained the elevators located at the Premises where the Incident occurred.

1.4     At all times material hereto, Unknown Business Entities 1-5 are as of yet unidentified entities who may have had duties and obligations to Plaintiff Mary Jo Rulffes regarding her safety and protection from hazardous conditions, namely a malfunctioning elevator resulting in a dangerously offset floor upon which Plaintiff fell and was injured. To the extent this information is later discovered by Plaintiffs, this Complaint will be amended to so reflect.

1.5     At all times material hereto, John Does 1-5 are as of yet unidentified individuals who may have had duties and obligations to Plaintiff Mary Jo Rulffes regarding her safety and protection from hazardous conditions, namely a malfunctioning elevator resulting in a dangerously offset floor upon which Plaintiff fell and was injured. To the extent this information is later discovered by Plaintiffs, this Complaint will be amended to so reflect.

## II.     JURISDICTION AND VENUE

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 2

INJURY LAW GROUP NW
A DBA OF ISSAQUAH LAW GROUP, PLLC
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858

2.1     Jurisdiction is proper in the Superior Court for the State of Washington under RCW 2.08.010.

2.2     Venue is appropriate in King County Superior Court under RCW 4.12.020(3), as the events giving rise to this cause of action occurred in Tukwila, King County, Washington and under RCW 4.12.025(1).

### III.     FACTS

3.1     On December 9, 2019, Plaintiff Mary Jo Rulffes stood waiting for an elevator to arrive at her floor at the Southcenter Macy's store located in Tukwila, Washington ("the Premises").  When it arrived, the doors opened and Plaintiff proceeded to walk in.

3.2     Unfortunately, the floor of the stopped elevator did not line up evenly with the store floor, having stopped several inches above the store floor level.

3.3     As Plaintiff proceeded to enter the elevator, her toe caught the uneven elevator floor and she fell face-first slamming her face against the back wall of the elevator and losing consciousness.  (Hereinafter, these facts are referred to as "the "Incident.")

3.4      As a direct and proximate result of Defendants' combined negligence, Plaintiff Mary Jo Rulffes suffered serious personal injuries and associated losses, including general and special damages, the amounts of which are not yet known, but will be provided to and determined by a finder of fact.

### IV.     CAUSE OF ACTION – NEGLIGENCE

4.1     Paragraphs 1.1 – 3.4 are realleged and incorporated herein.

4.2     Plaintiff Mary Jo Rulffes was a business invitee at the Premises on December 9, 2019.

4.3     Macy's was a common carrier and therefore had a duty to exercise the highest

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 3

**INJURY LAW GROUP NW**
A DBA OF ISSAQUAH LAW GROUP, PLLC
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858

degree of care consistent with the practical operation of elevators on its' Premises. Macy's further had a nondelegable duty to maintain elevators on the Premises in proper working order. Macy's negligently failed to exercise the required degree of care, thereby causing Plaintiffs' injuries.

4.4     Macy's owed a duty to Plaintiff Mary Jo Rulffes to maintain its' elevators at the Premises in such a way so as not to create and/or allow a dangerous and/or hazardous condition to exist, but to keep them in reasonably safe condition. Macy's breached said duty by creating and/or allowing uneven elevator leveling to exist while it being reasonably foreseeable that individuals such as Plaintiff Mary Jo Rulffes might trip and fall as they entered the unlevel elevator at the Premises, thereby constituting negligence. Macy's either created this unsafe condition or, alternatively, had actual or constructive knowledge of the dangerous condition for such length of time that Macy's should have repaired said condition and/or warned the public of its existence.

4.5     Defendant Schindler was under contract with Macy's to maintain and service the elevator which caused Plaintiffs' injuries. Schindler owed Plaintiffs a duty to exercise reasonable care regarding said maintenance and service. Schindler failed to exercise reasonable care in maintaining and servicing the elevator, thereby causing it to malfunction and result in Plaintiff Mary Jo Rulffes' fall and injuries.

4.6     At all times relevant, Plaintiff Mary Jo Rulffes' actions were reasonable. She is not comparatively at fault or contributorily negligent for her fall resulting in injuries and damages. As a result, the Defendants are jointly and severally liable for the totality of Plaintiffs' injuries and damages.

4.7     As a direct and proximate result of Defendants' combined negligence, Plaintiffs have sustained severe injuries, the exact nature and extent of which are not presently known but

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 4

**INJURY LAW GROUP NW**
A DBA OF ISSAQUAH LAW GROUP, PLLC
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858

which include injuries to the body, pain, mental anguish and suffering, emotional distress, psychological injuries, loss of consortium and other damages, in an amount that will be proven at trial. As a further direct and proximate result of the collision, Plaintiffs have incurred reasonable and necessary expenses for health care and treatment, and will in the future incur additional such expenses, property damage, out of pocket expenses, and significant wage loss which is continuing, the exact amount of which is now unknown but which will be proven at trial. The injuries and damages sustained by Plaintiffs were the direct and proximate result of the negligence of Defendants. For all such injuries and damages, Plaintiffs are entitled to recover the same, in an amount to be proven at trial.

   4.8 As a further direct and proximate result of the collision caused by the negligence of Defendants, Plaintiff Donald Rulffes has suffered loss of consortium with his wife, Plaintiff Mary Jo Rulffes, and loss of spousal services, for which he is entitled to recover damages in an amount to be proven at trial.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mary Jo and Donald Rulffes pray for judgment against Defendants as follows:

  a. For special damages in an amount to be proven at the time of trial;

  b. For general damages in an amount to be proven at the time of trial;

  c. For costs and disbursements, including reasonable attorneys' fees and costs incurred in bring this action, that may be allowed by any rule or statute;

  d. For pre-judgment interest on special damages; and

  e. For such other and further relief as this Court deems just and equitable.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 5

**INJURY LAW GROUP NW**
A DBA OF ISSAQUAH LAW GROUP, PLLC
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858

1  DATED this 1st day of July, 2022.

INJURY LAW GROUP NW

*A. Troy Hunter*

A. Troy Hunter, WSBA No. 29243
Lisa Kay Wiese, WSBA No. 26594
Attorneys for Plaintiffs,
Mary Jo Rulffes and Donald Rulffes

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 6

**INJURY LAW GROUP NW**
A DBA OF ISSAQUAH LAW GROUP, PLLC
410 Newport Way Northwest, Suite C
Issaquah, WA 98027
P: (425) 313-1184
F: (425) 313-1858