1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY JO RULFFES and DONALD RULFFES,<br><br>     Plaintiffs,<br><br>  v.<br><br>MACY'S WEST STORES, LLC, MACY'S RETAIL HOLDINGS LLC, MACY'S CORPORATE SERVICES, SCHINDLER ELEVATOR CORPORATION, UNKNOWN BUSINESS ENTITIES 1-5, and JOHN DOES 1-5,<br><br>     Defendants. | CASE NO. 2:22-cv-1075<br><br>ORDER ON PENDING EXPERT DISCOVERY MOTIONS |

16

17

18

19

20

21

22

   Pending before the Court are two motions to exclude expert opinion and testimony from next month's trial in this personal injury case. The first motion is Defendants' *Daubert* challenge to Plaintiffs' purported elevator expert Mike Stevens. Dkt. No. 25. And the second is Plaintiffs' motion to strike Defendants' retained neurologist Dr. Mark Fishel for untimely disclosure. Dkt. No. 27. Both motions are fully briefed, and the Court has reviewed the record carefully. For the reasons stated below, the Court DENIES Defendants' motion without prejudice and GRANTS Plaintiffs' motion.

23

**BACKGROUND**

24

**I.  Ms. Rulffes's Injures and Court Deadlines.**

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 1

1

2

3

4

5

6

On December 9, 2019, Mary Jo Rulffes tripped and fell while entering an elevator in Macy's at Southcenter Mall in Tukwila, Washington. Dkt. No. 1-2 at 3. Ms. Rulffes and her husband, Donald Rulffes, (together, "Plaintiffs") sued Macy's and Schindler Elevator Corporation, the elevator maintenance contractor, alleging "injuries to the body, pain, mental anguish, and suffering, emotional distress, psychological injuries, loss of consortium, and other damages." Dkt. No. 1-2 at 4-5.

7

8

9

10

11

12

The Court set the following relevant deadlines: (1) Rule 26 expert witness disclosures and reports were due by March 29, 2023, (2) the discovery cutoff was May 30, 2023, and (3) all motions challenging expert witness testimony were due by June 27, 2023. Dkt. No. 16. The parties agreed "informally"[1] to extend the discovery cutoff for liability, as opposed to medical, expert depositions, scheduling them as late as July 24, 2023, or more than 50 days after the Court ordered deadline for completing discovery. Dkt. No. 30 at 2.

13

## II.    Plaintiffs' Expert: Mike Stevens.

14

15

16

17

18

19

20

On March 29, 2023, Plaintiffs disclosed three expert witnesses, including their elevator expert, Mike Stevens. Dkt. No. 18. Stevens's initial report was three-pages long and did not describe his relevant background or experience in the context of this case, but it did include his résumé as an attachment to the report. Dkt. No. 18-2. According to his résumé, Stevens has "30 years of industry experience working in virtually every sector of the elevator industry," and it highlights his "areas of expertise" as including "Elevators," "Modernization", "Maintenance," and "Relevant Codes," among other things. *Id.*

21

22

23

24

---

[1] The Court's scheduling order describes the dates listed as "firm," and states they "can be changed only by order of the court, not by agreement of counsel or parties." Dkt. No. 16 at 2. Thus, the parties should know that a handshake agreement will not suffice to extend Court deadlines, and they are reminded that the Local and Civil Rules must be followed if relief from a deadline is sought in the future.

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 2

In his report, Stevens offers the following primary opinions:

It is my opinion, stated on a more probable than not basis after reviewing the produced elevator call-out logs and state inspection reports, that the elevator was not leveling due to faulty maintenance, most likely on the morning of the accident, but also possibly over time.

Also, the subject elevator is 56-years old and the technology is obsolete. The elevator is no longer compliant with current codes.

Dkt. No. 18-1 at 3.

At the time of his initial report, Stevens had not reviewed the on-site elevator maintenance logs, and he notes that key information is missing from the State Inspector's report following the accident. In the end, he acknowledges that "[a]dditional information regarding work performed on the elevator prior to the accident will be relevant to his further analysis." *Id.* Stevens promised to amend his opinions following his review of the "additional information and inspection of subject elevator." *Id.*

On April 27, 2023, Stevens inspected the elevator at issue. Dkt. No. 26 at 2–3. On June 16, 2023, Plaintiffs notified Defendants that they expected to supplement Stevens's report by June 19, 2023. Dkt. Nos. 29 at 3; 30 at 2.

On June 20, 2023, Plaintiffs produced Stevens's four-page supplemental expert report to Defendants. Dkt. No. 32-10. The report contained a supplemental fact section reflecting Stevens's site inspection and his review of certain maintenance records and timesheets. Dkt. No. 32-10 at 3. In the updated report, Stevens maintained his opinion that inadequate maintenance led to the injury-causing event, but he now referenced Schindler's and Macy's failure to follow relevant safety codes as part of the problem. Dkt. No. 32-10 at 4.

Defendants were scheduled to depose Stevens the following day, June 21, 2023, but they canceled the deposition, claiming insufficient time to review Stevens's updated report beforehand. Dkt. No. 30-2.

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 3

1

2

3

4

5

Defendants allege that, in addition to being untimely, Stevens's supplemental report suffers from the same defects as his initial report; namely, that it fails to mention any applicable building codes, laws, or other industry standards; that it doesn't identify the cause of the "mislevel event"; and that Stevens's opinions rest on inadequate information. Defendants also argue that Stevens impermissibly expanded the scope of his opinions in his supplemental report.

6

### III.    Defendants' Expert: Dr. Mark Fishel

7

8

9

10

11

12

13

14

15

16

On March 29, 2023, Plaintiffs timely disclosed the identity of their expert neurologist, Dr. Mark Piker, which was the expert disclosure deadline. Dkt. No. 18. Plaintiffs produced Dr. Piker's expert report a few days later on March 31, 2023. Dkt. No. 20. On March 30, 2023, Defendants served their expert disclosures, which contained a statement purporting to "reserve the right to name a neurologist or neurosurgeon." [2] Dkt. No. 19. On May 30, 2023, 62 days after the Court's deadline and 60 days after receiving the report of Plaintiffs' retained neurologist, Defendants identified Dr. Mark Fishel as an expert neurologist in a supplemental disclosure. Dkt. No. 28-1. Defendants' disclosure states that "Dr. Fishel … will perform an FRCP 35 examination of Ms. Rulffes," and that he will provide primary and rebuttal opinions about Ms. Rulffes's condition before and after the elevator incident. Dkt. No. 28-1 at 3.

17

18

19

To date, Defendants have not moved the Court for a Rule 35 exam and there is no indication in the record that such and examination has taken place. Likewise, Dr. Fishel has not produced an expert report.

20

### DISCUSSION

21

### I.    Meet-and-Confer Requirement.

22

23

24

[2] Neither the Civil nor Local Rules allow a party to make an expert disclosure by "reserving the right" to identify some unnamed expert at some unspecified, later date. And for good reason, as endorsing this practice would permit parties to extend court imposed deadlines with little more than a bookmark.

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 4

Both parties seek to exclude expert witness testimony, and although they do not say as much in their papers, they have essentially filed motions in limine. "Any motion in limine *must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve which matters really are in dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference." LCR 7(d)(4) (emphasis added); *see also* LCR 37(a)(1) (requiring meet-and-confer certification on discovery-related motions). But neither party has included the required certification here.

Whether the parties met and conferred is no trivial matter; it conserves judicial resources by ensuring that only genuine disputes are brought before the court and that the contours of the issue are fully developed prior to briefing. The Court has reviewed the record, and finds that the parties' June 16, 2023, phone call about Dr. Fishel and other subjects satisfies the meet-and-confer requirement for purposes of Plaintiffs' motion. *See* Dkt. No. 30-1.

The Court, however, finds nothing in the record indicating that Defendants have met and conferred with Plaintiffs in good faith about Dr. Stevens. For example, the record is silent about whether Defendants tried to renote his deposition for a date before July 24, which may have lessened or obviated the prejudice they now allege. For this reason alone, Defendants' motion is DENIED without prejudice. *See Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 1964225, at *1 (W.D. Wash. May 17, 2021) (denying motion in limine for failure to meet and confer); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2015 WL 11201216, at *3 (W.D. Wash. Jan. 30, 2015) (same; "The Rules must be enforced, lest the parties to this case drain them of their import ….").

Even so, given how close this matter is to trial, the Court addresses the merits of Defendants' motion below to provide additional guidance to the parties. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) ("Federal courts possess certain inherent powers,

1   not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and

2   expeditious disposition of cases." (cleaned up)).

3   **II.       Defendants' Motion to Strike Stevens.**

4           Defendant argues that Stevens's opinions and testimony should be stricken because (1)

5   Plaintiffs failed to comply with Rule 26 by providing a summary of Stevens's opinions *after* the

6   close of discovery, and (2) Stevens's expected testimony does not pass muster under *Daubert.*

7   The Court addresses each argument in turn.

8                    **A. The Court cannot determine on the current record whether Stevens's**

9                         **supplemental report was proper under Rule 26(e).**

10          Parties must identify witnesses whom they expect to testify at trial under Rule 702. Fed.

11  R. Civ. P. 26(a)(2)(A). For witnesses retained or specially employed to provide expert testimony,

12  a written report is required that must contain, among other things, a complete statement of all

13  opinions to be expressed and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B)(i).

14          Expert witness disclosure reports are due when directed by the court. Fed. R. Civ. P.

15  26(a)(2)(D)(i), But Rule 26(e) creates a duty to supplement "if the party learns that in some

16  material respect that the disclosure . . . is incomplete or incorrect, and if the additional or

17  corrective information has not otherwise been known to the other parties during the discovery

18  process or in writing." "[S]upplementation under the Rules means correcting inaccuracies, or

19  filling the interstices of an incomplete report based on information that was not available at the

20  time of the initial disclosure." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496,

21  500 (9th Cir. 2009) (internal quotation marks omitted). "Rule 26(e) creates a 'duty to

22  supplement,' not a right," and may not be used as a "loophole through which a party who

23  submits partial expert witness disclosures. . . can add to them to [its] advantage after the court's

24  deadline for doing so has passed." *Id.* Put more plainly, Rule 26(e) does not give litigants license

to sandbag their opponents with previously undisclosed opinions, nor does it provide a shortcut for shoring up hastily composed or otherwise shoddy expert reports.

Parties have a duty to supplement their expert reports in a "timely manner," Fed. R. Civ. P. 26(e)(1)(A), and a party who fails to make timely supplement risks having its expert barred from trial. *See* Fed. R. Civ. P. 37(c)(1)).

"In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Platt v. Holland Am. Line Inc.*, No. 2:20-CV-00062-JHC, 2023 WL 2938172, at *4 (W.D. Wash. Apr. 13, 2023).

Here, Stevens's supplemental report clearly relates to his initial report in that he builds upon and provides additional justification for his opinions that inadequate maintenance and code compliance contributed to the injury causing condition. But it is not clear from the record whether the "new" or "supplemental" information discussed in the report was available to him the time of his initial report. For example, were the Maintenance Control Program and timesheet records previously missing? Were the parties unable to schedule the elevator service technician's deposition sufficiently in advance to provide Steven's with an opportunity to review his testimony? Did something prevent Stevens from conducting a site visit before completing his report? The Court will not speculate about the answers to these and other relevant questions.

To survive any future challenges to Stevens's supplemental report, Plaintiffs will need to make a better showing why the information and opinions reflected in the report could not have been adduced before the expert disclosure deadline.

**B. The Court reserves ruling on the admissibility of Stevens's testimony under Rule 702.**

District courts act as "gatekeeper[s]" when considering expert testimony offered under Rule 702, by "making a preliminary determination of whether the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002). Under Rule 702, courts may allow opinion testimony from an expert only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)–(d). The Ninth Circuit has "repeatedly" stressed that "a trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine testimony's reliability. *Cheffins v. Stewart*, 825 F.3d 588, 595 (9th Cir. 2016) (internal quotation marks omitted). The court's role as "gatekeeper" under Rule 702, is not to be confused with "fact finder." *Primiano v. Cook*, 598 F.3d 558, 564–65. Indeed, "[w]hen an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." *Id.*

Defendants argue that Stevens's opinions are not based on sufficient facts or reliable methodology. The Court agrees that Stevens's initial report is short on details, and that it does next to nothing to explain his conclusions that the "elevator was not leveling due to faulty maintenance" or that the elevator "technology [was] obsolete." Dkt. No. 18-1. Stevens offers much more in his supplemental report, including reference to specific testimony from elevator maintenance personnel, maintenance timesheets, regulatory codes, and equipment, and his own inspection of the elevator, but as explained above, the Court has not ruled on whether his supplemental report was proper. Stevens provides further explanation in his declaration accompanying Plaintiffs' opposition to this motion, but the Court will not allow Plaintiffs to use

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 8

1

2

3

Stevens's declaration to introduce new facts or opinion testimony that should have been included in his initial or supplemental report. *See Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015) (recognizing district court's authority to disregard self-serving declaration).

4

5

6

7

8

9

10

11

12

The Court finds the evidentiary record and methodology reflected in Stevens's initial report to be shaky. However, "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564. Here, rather than deposing Stevens as planned, or rescheduling his deposition for a later date given the outsized time the parties allowed themselves for liability expert depositions, Defendants made the tactical decision not to depose Stevens at all. But his deposition is where they might have learned or challenged him about his methodology, facts relied upon, or background. And if nothing else, they would have developed a more complete record through which to seek Stevens's exclusion.

13

14

15

For these reasons, and as explained above, the Court DENIES Defendants' request to exclude Stevens's expert testimony. This ruling, however, is in no way an advanced ruling permitting Stevens to testify at trial. On this latter point, the Court will defer ruling.

16

**III.      Plaintiffs' Motion to Strike Dr. Fishel.**

17

18

19

Plaintiffs argue that Defendant's disclosure of Dr. Fishel was untimely as either an expert or rebuttal expert witness. They also argue that Defendants have failed to comply with Rule 26 to the extent Dr. Fishel has not produced an expert report. The Court agrees on all counts.

20

21

22

23

24

Here, the Court set the deadline for Rule 26 expert witness disclosures and reports as March 29, 2023. Dkt. No. 26. But Defendants did not disclose Dr. Fishel until May 30, 2023, or 62 days *after* the expert disclosure deadline. Defendants find no relief arguing that Dr. Fishel is in fact a rebuttal expert because rebuttal expert disclosures are due within 30 days of the opposing expert's disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiffs disclosed their

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 9

retained neurologist's report on March 31, 2023, so Dr. Fishel's disclosure as a rebuttal expert still would have been untimely. Defendants provided a brief overview of Dr. Fishel's expected testimony in their supplemental expert disclosure, but to date, Dr. Fishel has not produced a written report as required by Rule 26(a)(2)(B).

Thus, the question before the Court is how to proceed considering Defendants' late disclosure and missing expert report. Rule 37(c) "gives teeth" to the requirements of Rule 26 by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008). "As the Rule plainly states, litigants can escape the harshness of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citations omitted). The disclosing party bears the burden of showing either the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard," may provide for other sanctions, including payment of reasonable expenses. Fed. R. Civ. P. 37(c)(1). "A court is only required to consider a lesser sanction when a party formally request[s] one." *Gryglak v. HSBC Bank USA, N.A.*, No. 22-15630, 2023 WL 3243998, at *3 (9th Cir. May 4, 2023) (citation omitted).

Here, Defendants argue their delay was substantially justified by alleged discovery delays caused by Plaintiffs. Defendants do not explain, however, how these delays frustrated or thwarted their experts work so greatly that he could not prepare a preliminary report or why they did not seek relief from the Court if Plaintiffs conduct was truly out of hand. *Yeti by Molly, Ltd.*, 259 F.3d at 1106-07 ("[D]efendants could have issued a preliminary report to be supplemented after [Plaintiffs' expert] report had been modified or they could have asked for an extension of

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 10

the discovery deadline."). Instead, Defendants tried to "reserve the right" to disclose a witness later. But this was an unauthorized "form of self-help in seeking to change the deadline." *Hubbs v. Big Lots Stores, Inc.*, No. LACV1501601JAKASX, 2019 WL 12536593, at \*5 (C.D. Cal. July 2, 2019). Thus, Defendants' delay was not substantially justified.

Next, Defendants argue their late expert disclosure caused Plaintiffs no material prejudice. The Court is not persuaded by this argument, particularly since Defendants still have not produced a proper expert report. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."); *Cortes v. Kern Cnty. Superintendent of Sch.*, No. 118CV00909LJOJLT, 2019 WL 3546882, at \*1 (E.D. Cal. Aug. 5, 2019) ("Expert reports eliminate unfair surprise and conserve resources."). The Court finds that Defendants' unjustifiable delay has harmed Plaintiffs given that discovery has closed, the dispositive motions deadline has passed, and that trial is next month. In other words, the parties are out of time to fix this problem. *See Quevedo v. Trans–Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming exclusion of untimely disclosed experts where plaintiff unjustifiably missed the disclosure deadline by 20 days and missed the expert report deadline by six weeks).

Finally, Defendants ask that the Court exercise its discretion to allow their late-disclosed expert opinion into evidence, but they do not suggest or request a lesser sanction. *Merchant*, 993 F.3d at 741 ("[T]o require district courts to consider lesser sanctions without a motion would collapse the rule's provision of automatic exclusion of undisclosed evidence (except where harmless or substantially justified), with the option of alternative or additional sanctions on a party's motion, into an open-ended approach that is divorced from the text of the rule."). Having found Defendants' late-breaking disclosure to be neither harmless nor substantially justified, the

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 11

Court will not impose lesser sanctions than automatic exclusion where Defendants have proposed none.

Accordingly, the Court GRANTS Plaintiffs motion to exclude Dr. Fishel from trial.

**CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' motion without prejudice, and the Court GRANTS Plaintiffs' motion.

Dated this 7th day of August, 2023.

Jamal N. Whitehead
United States District Judge

ORDER ON PENDING EXPERT DISCOVERY MOTIONS - 12