UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY JO RULFFES AND DONALD RULFFES,<br><br>               Plaintiffs,<br><br>    v.<br><br>MACY'S WEST STORES LLC, MACY'S RETAIL HOLDINGS LLC, MACY'S CORPORATE SERVICES, SCHINDLER ELEVATOR CORPORATION, UNKNOWN BUSINESS ENTITIES 1-5, JOHN DOES 1-5<br>               Defendants. | CASE NO. 2:22-cv-1075<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

Defendants move for reconsideration of this Court's order denying their motion to exclude Plaintiffs' liability expert, Mike Stevens (the "Underlying Motion"). Dkt. Nos. 25, 40.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling[,] . . . new facts or legal authority which could not have been brought to the [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "may not be used to raise arguments or present

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court denied the Underlying Motion because Defendants failed to include a certification with their motion stating they had conferred, or attempted to confer, in good faith with Plaintiffs in an attempt to resolve the issues before the Court. Dkt. No. 38 at 5. The issues addressed in the Underlying Motion were whether Stevens is a proper Rule 702 expert and whether Plaintiffs produced his supplemental report too late to be considered. In their motion for reconsideration, Defendants boldly "assert that the Court overlooked evidence regarding [the parties' discussions] about Stevens." Dkt. No. 40 at 2. But they are mistaken, and even taking a second opportunity to establish a fuller record, Defendants still fail to hit the mark in satisfying the Local Civil Rules.

As an initial matter, Defendants labor under the belief that any earlier communications between the parties about Stevens satisfies the meet and confer requirement for all purposes at all times moving forward. But this defies the letter and spirit of the Rule, and ignores subsequent factual developments. Here, neither the Underlying Motion nor Defendants' motion for reconsideration include a certification that the parties met and conferred in good faith about the issues before the Court—whether Stevens has offered a proper and timely opinion in his supplemental report or should be stricken as an expert. As the Local Rules state, "[a] good faith effort to confer requires a face-to-face meeting or a telephone conference." LCR 7(d)(4). That did not happen. Moreover, even assuming an email exchange could satisfy the good faith requirement, the emails Defendants rely upon in support of their motion for reconsideration are one-sided declarations of action, and they in no way reflect a good faith back-and-forth about

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 2

Stevens and the issues Defendants raise in the Underlying Motion. Indeed, the last communication between the parties about Stevens, was a three-sentence email from Defendants to Plaintiffs, stating they would "move to strike [Stevens] from testifying at trial." Dkt. No. 41-2 at 2. This is far from a conferral, and these circumstances stand in contrast to the parties' phone conversation about Dr. Fishel on June 16, 2023, during which the positions of the parties were discussed on what would eventually become Plaintiffs' motion to strike. *See* Dkt. 30-1 at 2 ("Thanks so much for the call this morning. … Our position with regards to the late disclosure of Mark Fishel remains the same.").

As for the rest, Defendants make no attempt to explain why they could not have brought the information discussed in their motion for reconsideration about Plaintiff's alleged discovery delays to the Court's attention sooner. Nor do Defendants allege, much less demonstrate, that the Court committed manifest error. As such, Defendants fail to show why the Court should reverse or modify its previous ruling. Accordingly, Defendants' motion for reconsideration is DENIED.

Dated this 14th day of August, 2023.

Jamal N. Whitehead
United States District Judge