UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| MARY JO RULFFES AND DONALD RULFFES,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MACY'S WEST STORES LLC, MACY'S RETAIL HOLDINGS LLC, MACY'S CORPORATE SERVICES, SCHINDLER ELEVATOR CORPORATION, UNKNOWN BUSINESS ENTITIES 1-5, JOHN DOES 1-5,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-1075<br><br>ORDER ON MOTIONS IN LIMINE |
|---|---|

　　　　This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 43, 45. Having considered the relevant record and the parties' oral argument, the Court hereby GRANTS in part, DENIES in part, and RESERVES ruling in part on the motions in limine as explained below.

**DISCUSSION**

**I. Legal Standard.**

　　　　The Federal Rules govern the admissibility of evidence. The Court will follow those rules in deciding these motions and in conducting the trial. "A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States*

*v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). But the Court cannot rule on all evidentiary issues in advance of trial as many rulings will be based on the events at trial. The denial of a motion in limine does not mean that the subject evidence is admissible. It simply means that the Court cannot rule on the issue in advance. To the extent the Court grants a motion in limine, it may still revisit its earlier rulings based on the events at trial.

**II. Uncontested Motions in Limine.**

The parties have submitted four agreed or uncontested motions in limine. They propose the following evidentiary limitations:

- A. Defendants' Motion In Limine C: Evidence or argument referencing the nature of defense counsel's practice or the size of Defense counsel's firm.
- B. Defendants' Motion In Limine D: Evidence or argument of Defendants' liability insurance.
- C. Plaintiffs' Motion In Limine 3: Any opinions or reference to stricken expert Dr. Mark Fishel.
- D. Plaintiffs' Motion in Limine 7: Ms. Rulffes's prior lawsuit arising out of a motor vehicle collision.

The Court GRANTS these joint Motions in Limine.

**III. Plaintiffs' Contested Motions in Limine.**

**Plaintiffs' Motion in Limine No. 1: Unrelated medical diagnoses and conditions.**

Plaintiffs seek to preclude Defendants from "referencing, suggesting, arguing, eliciting testimony, or offering evidence regarding any of the medical conditions, diseases, injuries, and maladies from which [Ms. Rulffes] suffered before or after the subject incident that are in no way related to the claims and damages at issue in this case." Dkt. No. 43 at 2. Defendants

concede that the following medical conditions are unrelated and are not the subject of any evidence they intend to offer:

- Urogynecology, otolaryngology, vascular, cardiology, endocrinology, and geriatric problems;
- diabetes treatment;
- pre-2006 migraine headaches;
- pre-fall motor vehicle accidents; and
- prior surgeries listed in Plaintiffs motion.

*Id.* Plaintiffs' Motion in Limine No. 1 is GRANTED as to the enumerated list.

But Defendants argue that "other pre-existing conditions" contained in Plaintiffs' proposed list of exclusions that "relate[] to the ongoing damages Plaintiffs claim" are fair game for trial. Dkt. No. 49 at 2. The Court agrees, but RESERVES ruling on the remaining issues raised in Plaintiffs' Motion in Limine No. 1 until the time of trial.

**Plaintiffs' Motion in Limine No. 2: Any reference or suggestion that Ms. Rulffes was not free of fault.**

Plaintiffs seek to exclude "any evidence or reference to [Ms. Rulffes] bearing some responsibility or fault for the fall." Dkt. No. 43 at 6. Plaintiffs assert that there is "no evidence that [Ms. Rulffes] injuries and damages were proximately caused or contributed to by the fault of [Ms. Rulffes]." *Id*. Defendants contend that there were visual indications that the elevator was mis-leveled and that Ms. Rulffes failed to exercise ordinary or due care in boarding the elevator. The Court declines to give an advanced ruling on this issue and therefore DENIES Plaintiffs' Motion in Limine No. 2 without prejudice. The Court is of the view that this issue is better addressed in the context of jury instructions, which will based on the evidence and issues presented at trial.

**Plaintiffs' Motion in Limine No. 4: Undisclosed, or improperly disclosed evidence.**

Plaintiffs ask the Court to prohibit the Defendants from "referencing, suggesting, arguing, eliciting testimony, or offering evidence concerning any matter that has not been produced in discovery or otherwise properly and timely disclosed." Dkt. No. 43 at 7. Defendants posit that they are unable to respond because Plaintiffs have not provided any specific evidence. The Court expects the parties to comply with the Rules of Civil Procedure and Evidence, and the rules provide the appropriate remedies—including witness and evidence exclusion—to the extent they are not followed.

The Court DENIES Plaintiffs' Motion in Limine No. 4 as written without prejudice.

**Plaintiffs' Motion in Limine No. 5: Attorney's personal beliefs.**

Plaintiffs ask the Court to prohibit "[a]ny expression of an attorney's personal beliefs." Dkt. No. 43 at 7. Defendants generally do not object but ask the Court to reserve judgment on this Motion in Limine because it fails to identify any specific evidence or argument.

Given the lack of context, the Court DENIES Plaintiffs' Motion in Limine No. 5 without prejudice. The Court, of course, will not tolerate improper jury argument.

**Plaintiffs' Motion in Limine No. 6: Speculative questions regarding causation.**

Plaintiffs ask the Court to preclude Defendants from asking Plaintiffs' medical witnesses questions regarding other possible causes of Ms. Rulffes's injuries. Defendants argue, as discussed above, that there is evidence found in Ms. Rulffes's medical records that some of her claimed injuries pre-date the injuries at issue here and that it is a relevant inquiry for Defendants to explore these pre-existing conditions or injuries with Plaintiffs' expert Dr. Piker on cross-examination. The Court generally agrees, but the line of demarcation between relevant inquiry and improper speculation is difficult to discern in a vacuum. The Court DENIES Plaintiffs' Motion in Limine No. 6 without prejudice.

But, generally speaking, in order to ask the medical witnesses questions regarding other possible causes of the injuries, the party must have a "good faith basis . . . other than [] speculation." *Supanchick v. Pfaff*, 756 P.2d 146, 150 (Wash. 1988). "Possibility testimony is not per se inadmissible; its admissibility depends on whether there is an adequate evidentiary foundation that connects the possible causes and the injury." *Howard v. McMillan*, 121 Wash. App. 1026 (2004). *See also Gaines v. Campbell*, No. 2013-002367, 2015 WL 4937808, at *5 (S.C. Ct. App. Aug. 19, 2015) (internal citation omitted) ("Counsel posing the hypothetical may, however, frame the question on any theory that 'can reasonably be deduced from the evidence and select as a predicate therefor such facts as the evidence proves or reasonably tends to establish.'").

**IV. Defendants' Contested Motions in Limine.**

**Defendants' Motion in Limine A: Mike Stevens's expert opinion testimony.**

Plaintiffs intend to call Mike Stevens, their elevator expert, to testify at trial. Defendants seek to preclude Stevens's expert testimony. They contend that the supplemental report that he produced was untimely and that his testimony is inadmissible based upon his initial report.

*1. The "supplemental" report.*

Expert disclosures must take place at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) requires a party to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a supplemental expert report is untimely, it must be excluded under Fed. R. Civ. P. 37(c)(1) unless the failure to timely supplement "was substantially justified or is

harmless." *Silvia v. MCI Commc'n. Servs.*, 787 F. App'x 399, 400 (9th Cir. 2019) (internal citation omitted).

On the date of the expert discovery deadline, March 29, 2023, Plaintiffs disclosed Stevens's initial three-page report. *See* Dkt. No. 18-1. On June 20, 2023, Plaintiffs produced Stevens's four-page supplemental expert report. *See* Dkt. No. 32-10. The report contained a supplemental fact section reflecting Stevens's site inspection and his review of certain maintenance records and timesheets. Plaintiffs requested these documents and a site visit only five days before the expert disclosure deadline. *See* Dkt. Nos. 41-3; 41-6. Despite knowing Defendants would have thirty days to respond to their discovery requests and that the expert discovery deadline was coming up, Plaintiffs did not petition the Court for relief. Fed. R. Civ. P. 34(b)(2)(A). They instead produced a placeholder report in an attempt to meet the deadline. Plaintiffs now contend that their delay in producing the supplemental, or more complete report, was due to "roadblocks" put up by the Defendants during the discovery process. Dkt. No. 47 at 5. This argument is unavailing.

The Court is also not persuaded by Plaintiffs' out of circuit legal authority suggesting that updating a report with previously available information is an accepted practice. To the contrary, courts within the Ninth Circuit have rejected such an expansive reading of Fed. R. Civ. P. 26(e). *See, e.g.*, *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) ("Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."); *City of Seattle v. Monsanto Co.,* No. C16-107-RAJ-MLP, 2023 WL 5320247, at *9 (W.D. Wash. Aug. 18, 2023) (internal citation omitted) ("Rule 26(e) permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding

ORDER ON MOTIONS IN LIMINE - 6

information that was not available at the time of the initial report."); *Lo v. United States*, No. 2:17-CV-01202-RAJ, 2021 WL 5121745, at *2 (W.D. Wash. Nov. 3, 2021) (internal citation omitted) ("The rule for supplementation does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report."); *Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1239 (W.D. Wash. 2018) (internal citation omitted) ("Rule 26(e) should only apply when the party correct[s] an inaccuracy or fill[s] in a gap based on information previously unavailable.").

The Court concludes that Stevens's second report is not a proper supplement under Fed. R. Civ. P. 26(e) and is untimely.

2. *The initial report.*

The Court then turns to Stevens's initial report to determine whether he is able to testify at trial. Under Fed. R. Civ. P. 26(B)(i), an expert report must contain a "complete statement of all opinions the witness will express and the basis and reasons for them." An expert report must be "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *See Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998). Parties are "entitled to a *complete* disclosure of all opinions—not a sneak preview of a moving target." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983 (N.D. Cal. 2014) (emphasis in original).

As the Court previously explained, Stevens's initial report "is short on details, and [] it does next to nothing to explain his conclusions that the 'elevator was not leveling due to faulty maintenance' or that the elevator 'technology [was] obsolete.'" Dkt. No. 38 at 8 (quoting Dkt. No. 18-1). Stevens's initial three-page report does not contain a complete statement of all opinions the witness will express and the basis and reasons for them. His initial report does not conform in substance as to what is expected of an expert report. Plaintiffs contend that the initial

ORDER ON MOTIONS IN LIMINE - 7

report is not the "only source of information regarding [Stevens's] opinions and methodology." Dkt. No. 47 at 2. But a "report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal citation omitted).

Stevens's report fails to comply with the disclosure requirements of Rule 26(a)(2). Fed. R. Civ. P. 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman v. Staples the Office Superstore, Ltd. Liab. Co.*, 644 F.3d 817, 827 (9th Cir. 2011). Plaintiffs have not met this burden here.

As such, the Court GRANTS Defendants' Motion in Limine A.

**Defendants' Motion in Limine B: Evidence or argument referencing the size or nature of Defendants' business or their financial information.**

Defendants seek to exclude references "regarding the nature of Defendants or their business, the size of the companies, the number of employees, or their income, profits, or other financial information." Dkt. No. 45 at 8. Plaintiffs argue that references to the nature and size of Schindler's business are relevant. The parties represented to the Court at oral argument on August 30, 2023, that they would meet and confer further on this issue and that they were confident that they could find common ground.

The Court RESERVES ruling on Defendants' Motion in Limine B. The parties are directed to contact the Court before the pretrial conference to the extent they are unable to reach an agreement about the scope of any references to the size or nature of Defendants' business or financial condition.

**Defendants' Motion in Limine E: Non-expert testimony regarding medical diagnoses or causation of personal injury damages.**

Defendants seek to exclude "[a]ny lay witness testimony regarding or which implies or states that [Ms. Rulffes] suffered injuries or was in pain as a result of the accident." Dkt. No. 45 at 9. Federal Rule of Evidence 701 permits a lay witness to give opinion testimony that is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Court will adhere to and enforce the Rules of Evidence.

The Court DENIES Defendants' Motion in Limine E without prejudice.

**Defendants' Motion in Limine F: Cumulative witness testimony.**

The Court DENIES Defendants' Motion in Limine F without prejudice.

### CONCLUSION

In sum, the Court rules as follows on the parties' motions in limine, Dkt. Nos. 43, 45:

Plaintiffs' Motion in Limine No. 1 A GRANTED, in part and RESERVED on the remainder;

Plaintiffs' Motion in Limine No. 2 DENIED without prejudice;

Plaintiffs' Motion in Limine No. 3 GRANTED;

Plaintiffs' Motion in Limine No. 4 DENIED without prejudice;

Plaintiffs' Motion in Limine No. 5 DENIED without prejudice;

Plaintiffs' Motion in Limine No. 6 DENIED without prejudice;

Plaintiffs' Motion in Limine No. 7 GRANTED;

Defendants' Motion In Limine A GRANTED;

Defendants' Motion In Limine B RESERVED;

Defendants' Motion In Limine C GRANTED;

Defendants' Motion In Limine D GRANTED;

Defendants' Motion In Limine E DENIED without prejudice;

Defendants' Motion In Limine F DENIED without prejudice.

Dated this 31st day of August, 2023.

Jamal N. Whitehead
United States District Judge